IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| v. | ) | 13-00003-01-CR-W-HFS |
| | ) | |
| Kamel Elburki, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This is a felon-in-possession case in which defendant seeks to suppress admissions of possession of a firearm that he made in two interview sessions with the police. In the first session he declined to sign a Miranda waiver, although his Miranda rights were fully presented and he agreed to speak to the officers. He contends he thought his failure to sign preserved the confidentiality of what he said. In the second session he signed the form but contends he had assurances that his rights were not being waived, which he understood to mean that his statements could not be used against him, despite the written warning.

There are mental health issues which need not be discussed. It also appears from the Government's briefing that the Government's case could be established without the admissions, given information previously supplied by defendant's girlfriend, who also led the police to defendant's firearm, which she had hidden.

After reviewing the record and a subsequent letter to me (Doc. 63), I rely on the report and recommendation of the Magistrate Judge, but with some further comments.

It frequently happens that defendants have been interviewed, after Miranda warnings, but decline to sign waivers or to put anything in writing. The oral admissions are almost invariably allowed in evidence. See, e.g., United States v. Gayekpar, 678 F.3d 629, 638-39 (8th Cir. 2012); United States v. Karbedeh, 2010 WL 3521984, * 12 (D. Minn.) (relying on Connecticut v. Barrett, 479 U.S. 523 (1987)). While defendant here, at the hearing on the motion to suppress, contends he understood he could speak confidentially to the officers, despite the plain wording of the Miranda warning, and says he

relied heavily on that misunderstanding, Judge Maughmer did not accept the credibility of his testimony. It does appear an unlikely contention, given that the anticipated interview dealt primarily with the criminal activity of others, and defendant seemed motivated by hoping his failure to sign would help avoid disclosure that he was the source of the information.[1]

It is not necessary to rule whether defendant was in custody during his first interview.

Regarding the second interview, it was essentially true that defendant could preserve his rights, despite his signature. The reference was intended to convey the message that he could ask for a lawyer and stop giving information when he wished to. (Hearing Tr. at 79). It did not reasonably mean that he could make oral admissions and then suppress the admissions, so that they could not be used against him.[2] It would have been preferable for the officer not to ad lib about a "retention of rights" but I am not satisfied that the second interview should be suppressed under all the circumstances. The report and recommendation will be accepted and the motion to suppress will be DENIED.

/s/ Howard F. Sachs

HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

July 23, 2013

Kansas City, Missouri

---

[1] The defendant's testimony to the contrary at the hearing appears to be an after-thought, contrary to his motivation at the time.

[2] A further comment may be useful about defendant having been somehow tricked by law enforcement into making his admissions. For better or worse, the Supreme Court has stated, through Justice Kennedy, that "ploys to mislead a suspect or lull him into a false sense of security that do not rise to the level of compulsion or coercion to speak are not within Miranda's concerns." Illinois v. Perkins, 496 U.S. 292, 297 (1990). Compare United States v. Whitfield, 695 F.3d 288, 302 (4th Cir. 2012). There seems to be no bright line test regarding the effect of devious conduct when a plainly written Miranda warning has been given.